IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LOURMANYS BARRERA-RODRIGUEZ, et al.<br><br>          Plaintiffs<br><br>               v.<br><br>WESTERNBANK DE PUERTO RICO, et al.,<br><br>          Defendants | CIVIL NO. 10-1576 (JP) |

**OPINION AND ORDER**

Before the Court is Defendant Federal Deposit Insurance Corporation's, in its capacity as Receiver for Westernbank Puerto Rico ("Westernbank") (hereinafter "FDIC-R"), motion requesting a stay of this proceeding pending the completion of the mandatory administrative claims process[1] (**No. 22**). Plaintiffs have not opposed Defendant's motion.  For the reasons stated herein, Defendant's motion is hereby **GRANTED.**

By way of background, Defendant FDIC-R removed this case on June 23, 2010 from the Court of First Instance, Carolina Part, Commonwealth of Puerto Rico.  Defendant FDIC-R states that a

---

1.   Defendant FDIC-R specifically requests that the case be stayed until the earlier of (i) 180 days after Plaintiffs submits their claims to the FDIC-R in compliance with the mandatory administrative claims process established under 12 U.S.C. § 1821 or (ii) 10 days after the FDIC-R serves upon Plaintiffs a notice informing them of the disposition of their claims.  The Court hereby **ORDERS** Defendant FDIC-R to file an informative motion with the Court as to the status of the administrative claims process on or before September 2, 2011.

CIVIL NO. 10-1576 (JP) -2-

mandatory administrative claims process has been established under 12 U.S.C. § 1821(d)(3)-(13) ("Section 1821"). Defendant argues that, as a matter of law, Plaintiffs may not litigate or otherwise pursue the claims asserted in this case unless and until they have first complied with, and completed, Section 1821's mandatory administrative claims process. According to Defendant FDIC-R, the claims process serves to centralize the initial consideration and resolution of claims against a failed financial institution by requiring that all claims be submitted to the FDIC-R by a certain date established by the Receiver (the "claims bar date") and then the FDIC-R has up to 180 days to review each claim and either grant or deny the claim. 12 U.S.C. § 1821(d)(5)(A)(I).

The administrative claims process is mandatory, and a claim is barred unless it has been presented under the administrative claims review process. See Simon v. FDIC, 48 F.3d 53, 56 (1st Cir. 1995) (finding that "Section 1821(d)(13)(D)(I) bars all claims against the assets of a failed financial institution which have not been presented under the administrative claims review process") (citing 12 U.S.C. § 1821(d)(3)-(10)). In the instant case, Plaintiffs have not completed the mandatory administrative claims process. Thus, the Court does not have jurisdiction over the instant action until such time as the administrative claims process is completed.

Accordingly, for the reasons stated herein, the Court **GRANTS** Defendant FDIC-R's motion to stay the proceedings pending the

CIVIL NO. 10-1576 (JP)          -3-

completion of the mandatory administrative claims process.  The Court further orders Defendant FDIC-R to notify the Court of the status of the administrative claims process **on or before September 2, 2011.**

    **IT IS SO ORDERED.**

    In San Juan, Puerto Rico, this 26th day of April, 2011.

                                                   s/José Antonio Fusté  
                                                     JOSÉ ANTONIO FUSTÉ  
                                                  UNITED STATES DISTRICT JUDGE